UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DENISE WALLET
    Plaintiff.

V.

    Hon. Stephen J. Murphy, III

    Case No.: 2:26-cv-10581-SJM-APP

CITY OF DETROIT
    Defendant.

---

### PLAINTIFF'S RENEWED EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Plaintiff by and through counsel, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and respectfully moves this Court for a Temporary Restraining Order enjoining Defendant City of Detroit from suspending Plaintiff without pay or terminating her employment, and further ordering the defendant city to reverse Plaintiff's suspension without pay, if such was ordered at at or after the Commissioners meeting which began on Feb. 19, 2026, at 3:00 PM.

    Respectfully Submitted,

/s/ Solomon M Radner
Solomon M. Radner (P73653)
Radner Law Group, PLLC
Counsel for Plaintiff
17515 W Nine Mile Rd, Suite 1050
Southfield, MI 48075
T: (877) 723-6375 F: (866) 571-1020
solomon@radnerlawgroup.com

Dated: Feb. 19, 2026

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

DENISE WALLET
    Plaintiff.

V.

                      Hon. Stephen J. Murphy, III

                      Case No.: 2:26-cv-10581-SJM-APP

CITY OF DETROIT
    Defendant.

---

**BRIEF IN SUPPORT OF PLAINTIFF'S RENEWED EMERGENCY *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER**

    COMES NOW, Plaintiff by and through counsel, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, and respectfully moves this Court for a Temporary Restraining Order enjoining Defendant City of Detroit from suspending Plaintiff without pay or terminating her employment, and further ordering the defendant city to reverse Plaintiff's suspension without pay, if it was ordered as at or after the Commissioners meeting which began on Feb. 19, 2026, at 3:00 PM.

    The Board dismissed Sgt. Wallet at around 7:15 PM on Feb. 19, 2026, without announcing its decision. A decision may be forthcoming at any minute; and based on statements made to the media, that decision seems to already be a foregone conclusion

The original instant motion was denied without prejudice at 3:11 PM on Feb. 19, 2026, due to an affidavit not being attached. An affidavit is attached hereto. This renewed motion is being filed at approximately 8:00 PM on Feb. 19, 2026.

**STATEMENT OF FACTS**

Plaintiff Sergeant Denise Wallet is a 27-year veteran of the Detroit Police Department with the rank of Sergeant, Badge S-712, assigned to the Third Precinct. On February 9, 2026, Plaintiff responded to an officer's request for a supervisor at a traffic stop where the subject provided a fraudulent electronic Michigan Driver License. Upon arrival, Plaintiff attempted to identify the subject using a fingerprint scanner but was unable to do so.

During the traffic stop, Plaintiff made a verbal comment questioning the DPD policy regarding immigration and collaboration with the federal government. After unsuccessful attempts to identify the subject, Plaintiff contacted U.S. Border Patrol solely for the purpose of identifying the individual in custody, not to enforce immigration law or inquire into the subject's immigration status. Body camera footage and a statement from Plaintiff's lieutenant confirm that Plaintiff contacted Border Patrol **only because her lieutenant instructed her to do so**. On February 10, 2026, Chief of Police Todd A. Bettison issued an inter-office memorandum suspending Plaintiff with pay, effective February 9, 2026, alleging violations of City Ordinance 23-8-4(a)(2) and DPD policy.

Plaintiff was not provided with prior notice of the suspension or an opportunity to be heard before the suspension was imposed. The suspension with pay prevents Plaintiff from working overtime shifts, thereby reducing her compensation. A disciplinary hearing was scheduled for February 19, 2026, at 3:00 p.m., before the Police Board of Commissioners. Plaintiff had good reason to believe that at this hearing, the Police Board of Commissioners will impose further discipline, including suspension without pay or termination of her employment. Sgt. The Board dismissed Sgt. Wallet at around 7:15 PM on Feb. 19, 2026, without announcing its decision. A decision may be forthcoming at any minute; and based on statements made to the media, that decision seems to already be a foregone conclusion.

Reputable news outlets have indicated that Plaintiff will be suspended with pay or terminated.

https://www.cbsnews.com/detroit/news/detroit-police-chief-terminating-two-officers-border-patrol/ reported that:

> *"Detroit Police Chief Todd Bettison says he plans to "terminate" two officers after they contacted U.S. Customs and Border Protection during two separate traffic stops, adding that their actions were against the department's policy........*
>
> *"Contacting Border Patrol, ICE or other federal agencies for translation services is strictly prohibited, as it subjects individuals to extreme scrutiny," Bettison said, adding that the department is working with a company that offers certified translation services.........*

> *Both the officer and the sergeant were suspended with pay, but Bettison requested on Feb. 12 that the Board of Police Commissioners suspend the two officers without pay."*

https://www.detroitnews.com/story/news/local/detroit-city/2026/02/16/detroit-police-chief-to-fire-officers-who-called-immigration-agents-traffic-stop/88707058007/?gnt-cfr=1&gca-cat=p&gca-uir=false&gca-epti=z115844p119550n00----c00----u117444v115844&gca-ft=32&gca-ds=sophi reported that:

> *"Detroit Police Chief Todd Bettison plans to fire two officers who, in recent months, used Customs and Border Protection for assistance during traffic stops, resulting in detentions by the federal immigration agency."*

https://www.fox2detroit.com/news/detroit-police-chief-fire-officers-who-contacted-border-patrol-during-traffic-stops reported that:

> *Detroit's police chief said he plans to terminate two police officers who contacted Customs and Border Patrol during traffic stops……*
> *"To contact Border Patrol? No, that's against policy," Dolunt said. "That being said, there have been a lot more egregious things that have occurred in the police department and people have not been terminated."*
>
> *FOX 2 contacted Mayor Mary Sheffield's office and received a statement from John Roach, the media relations director, which reads in part:*
> *"This administration will reinforce the longstanding policy that the Detroit Police Department does not, in any way, engage in federal immigration enforcement."*

There is certainly a strong basis to believe that at 3:00 PM on Feb 19, 2026, Plaintiff will at least be suspended without pay, and possibly terminated.

## **LEGAL STANDARD**

A temporary restraining order may be issued without written or oral notice to the adverse party only if: (A) specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed Rules Civ Proc R 65.

To obtain a temporary restraining order, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) that irreparable harm will result without the restraining order; (3) that the issuance of the order will not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the order. Fed Rules Civ Proc R 65.

The Federal Rules of Civil Procedure provide for the issuance of a temporary restraining order without notice where there is compliance with the stringent requirements of Fed. R. Civ. P. 65(b). Fed Rules Civ Proc R 65. The Supreme Court has stated that the Fed. R. Civ. P. 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.

**ARGUMENT**

**A. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF HER CLAIMS**

Plaintiff has alleged viable claims under 42 U.S.C. § 1983 for violations of her constitutional rights, including her procedural due process rights under the

Fourteenth Amendment. Plaintiff has also alleged violations of 8 U.S.C. § 1373, which prohibits state and local government entities from restricting communication with federal immigration authorities.

### 1. Procedural Due Process Violation

Plaintiff possesses a constitutionally protected property interest in her employment as a tenured employee of the Detroit Police Department with over 27 years of service. USCS Const. Amend. 14. Plaintiff was suspended without prior notice or opportunity to be heard, and faces further deprivation of her property interest at the February 19, 2026 hearing.

### 2. Violation of Federal Immigration Communication Law

The DPD policies restricting communication with federal immigration authorities, as applied to Plaintiff, violate 8 U.S.C. § 1373, which prohibits state and local government entities from restricting communication with federal immigration authorities regarding citizenship or immigration status. Plaintiff contacted Border Patrol solely for identification purposes at her lieutenant's direction, yet was suspended for this action. Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service

information regarding the citizenship or immigration status, lawful or unlawful, of any individual. 8 USC § 1373.

Additionally, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service. 8 USC § 1373. Congress has encouraged the sharing of information about possible immigration violations, and federal law explicitly protects the right of state and local officials to communicate with federal immigration authorities.

## B. PLAINTIFF WILL SUFFER IMMEDIATE AND IRREPARABLE HARM WITHOUT A TEMPORARY RESTRAINING ORDER

Plaintiff faces imminent suspension without pay or termination at the disciplinary hearing scheduled for February 19, 2026, at 3:00 p.m. The loss of employment constitutes irreparable harm, particularly where, as here, the plaintiff alleges constitutional violations. The loss of Plaintiff's position, benefits, and seniority cannot be adequately remedied by monetary damages alone, especially given the reputational harm and disruption to her career that would result from suspension without pay or termination.

## C. THE BALANCE OF HARMS FAVORS GRANTING THE TEMPORARY RESTRAINING ORDER

The harm to Plaintiff from suspension without pay or termination far outweighs any potential harm to Defendant from maintaining the status quo pending

resolution of this matter. Plaintiff has served the Detroit Police Department for over 27 years, and there is no evidence that her continued employment poses any risk to the Department or the public. Defendant will not be harmed by delaying any disciplinary action until this Court has an opportunity to fully consider the merits of Plaintiff's claims.

## D. THE PUBLIC INTEREST FAVORS GRANTING THE TEMPORARY RESTRAINING ORDER

The public interest is served by protecting constitutional rights and ensuring that public employees are not disciplined for protected speech or for actions taken at the direction of their superiors. The public also has an interest in ensuring that experienced law enforcement officers like Plaintiff are not removed from service without adequate procedural protections. Granting the temporary restraining order will serve these important public interests.

## CERTIFICATION REGARDING NOTICE

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), undersigned counsel certifies that notice should not be required in this case because: (1) the disciplinary hearing is scheduled for February 19, 2026, at 3:00 p.m., leaving insufficient time for a hearing with notice; (2) providing notice may prompt Defendant to accelerate the disciplinary process; and (3) the verified Complaint and this Motion demonstrate that Plaintiff will suffer immediate and irreparable

harm if the temporary restraining order is not granted before the scheduled disciplinary hearing. Fed Rules Civ Proc R 65.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant her Emergency *Ex Parte* Motion for Temporary Restraining Order.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Issue a Temporary Restraining Order enjoining Defendant City of Detroit from suspending Plaintiff without pay or terminating her employment at the disciplinary hearing scheduled for February 19, 2026, at 3:00 p.m., or at any time before this Court has an opportunity to rule on Plaintiff's request for a preliminary injunction;

B. Set an expedited hearing on this motion for preliminary injunction;

C. Waive the security requirement or set a nominal bond pursuant to Federal Rule of Civil Procedure 65(c); and

D. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Solomon M Radner
Solomon M. Radner (P73653)
Radner Law Group, PLLC
Counsel for Plaintiff
17515 W Nine Mile Rd, Suite 1050
Southfield, MI 48075

T: (877) 723-6375 F: (866) 571-1020
solomon@radnerlawgroup.com

Dated: Feb. 19, 2026